| | |
|---|---|
| Joshua B. Swigart, Esq. (SBN: 225557)<br>josh@westcoastlitigation.com<br>Yana A. Hart, Esq. (SBN: 306499)<br>yana@westcoastlitigation.com<br>**HYDE & SWIGART**<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108<br>Telephone: (619) 233-7770<br>Facsimile: (619) 297-1022 | Daniel G. Shay, Esq (SBN: 250548)<br>danielshay@tcpafdcpa.com<br>**LAW OFFICE OF DANIEL G. SHAY**<br>409 Camino Del Rio South, Ste 101B<br>San Diego, CA 92108<br>Telephone: (619) 222-7429<br>Facsimile: (866) 431-3292 |

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff Nathan Thew and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN THEW, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK USA, N.A.,<br><br>    Defendant. | Case No:  5:17-cv-2067<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Nathan Thew ("Plaintiff") through Plaintiff's attorneys, bring this action to challenge the actions of Capital One USA, N.A. ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff's damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on her personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

Class Action Complaint for Damages

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## Jurisdiction and Venue

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

11. Because Defendant is a corporation within the State of California and conducts business in California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) because Defendant, at all times herein mentioned, was doing business in the County of Riverside, State of California.  Further, venue is proper in this district because Plaintiff has resided in this district at all times herein mentioned such that a substantial part of the events giving rise to the claim occurred in this district.

## Parties

13. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, county of Riverside, in this judicial district.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national bank with its principal place of business in Virginia.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of Riverside, within this judicial district.

15. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3

Class Action Complaint for Damages

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).
17. Plaintiff is informed and believe, and thereon allege, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

### STATUTORY BACKGROUND

18. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.
19. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).
20. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.
21. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.
22. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

23. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. See 15 U.S.C. § 1681b(a)(3)(A)-(F).

**FACTUAL ALLEGATIONS**

24. At all times relevant, Plaintiff is an individual residing within the state of California.

25. Sometime prior to 2016, Plaintiff allegedly incurred financial obligations to the original creditor.

26. On or about August 29, 2016, Plaintiff filed for Chapter 7 Bankruptcy United States Bankruptcy Court for the Central District of California.

27. The obligations ("Debt") to Defendant were scheduled in the Bankruptcy and Defendant received notice of the Bankruptcy.

28. On or about August 30, 2016, Defendant received an electronic notice of Plaintiff's Bankruptcy.

29. On or about August 31, 2016, Defendant received a written notice of Plaintiff's Bankruptcy by U.S. First Class Mail.

30. On December 12, 2016, the Debt was officially discharged through Plaintiff's Bankruptcy.

31. Defendant did not file any proceedings to declare its Debt "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.

32. Defendant also did not request relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's Bankruptcy was pending to pursue the Plaintiff on any personal liability for any of the underlying Debt.

33. Accordingly, Plaintiff's Debt to Defendant was discharged through Bankruptcy.

34. Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of his bankruptcy.

35. Upon review of Plaintiff's Experian credit report dated February 22, 2017, Plaintiff discovered that on or about December 15, 2016 and December 23, 2016, Defendant submitted an unauthorized credit report inquiry to Experian.

Class Action Complaint for Damages

36. Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent and after the Plaintiff's Debt had been discharged in Bankruptcy, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

37. Because Plaintiff had discharged his debt to Defendant in bankruptcy proceedings, Defendant had no legitimate business need for the information. Therefore, Defendant violated 15 U.S.C. § 1681b by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

38. As a result, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit and increased costs for credit.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this lawsuit as a class action on behalf of herself and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

40. Plaintiff proposes the following Class consisting of and defined as follow:

> All persons with and address within the United States whose consumer credit report was obtained by Capital One USA, N.A. within past five (5) years from any of the three major credit reporting agencies (Transunion, Equifax, and Experian), where: (i) the debt on the account had been discharged in bankruptcy; (ii) the account was closed with a zero balance; or (iii) the account had been sold or transferred to a third party.

41. Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, employees, and successors are excluded from the Class.

42. Plaintiff reserves the right to redefine the Class and to add subclasses as appropriate based on discovery and specific theories of liability.

43. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

44. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

45. This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

46. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   (a) Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged; and

   (b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

///

Class Action Complaint for Damages

48. As a person who suffered an unauthorized consumer credit report inquiry by Defendant on their credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

49. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

50. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

51. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

52. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

53. The joinder of Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class Members can be identified through Defendant's records.

Class Action Complaint for Damages

## CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681 et seq.

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

56. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

57. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other Class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative for the Class;
- Appoint Plaintiff's Counsel as Class Counsel in this matter for the Class;
- In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

Class Action Complaint for Damages

**FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 16 ET SEQ.**

- Special, general, compensatory and punitive damages;
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

**TRIAL BY JURY**

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date:  October 9, 2017           By:  s/Joshua Swigart
                                    Joshua B. Swigart, Esq.
                                    josh@westcoastlitigation.com
                                    Attorney for Plaintiff

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Class Action Complaint for Damages